Miriam FLORES, Plaintiff—Appellee,

v.

Rosa RZESLAWSKI, individually, and as a parent of Mario Rzeslawski, a minor child, Plaintiff—Appellee,

Thomas C. Horne, Superintendent of Public Instruction, State of Arizona, Defendant—Appellant,

and

State of Arizona; C. Diane Bishop; Eugene Hughes; David Silva; Claudine Bates Arthur; John Hosner; Ken Bennett; Ray Kellis; Jim Allman; Morrison Warren, members of the State Board of Education, Defendants,

American Council of Engineering Companies of Arizona; Associated General Contractors of America, Arizona Chapter, Defendant–Intervenors.

Evangelina Miranda, individually and as a parent of Mariela and George Dorame, minor children, Plaintiff—Appellee,

v.

Thomas C. Horne, in his official capacity as Superintendent of Public Instruction, State of Arizona; The Arizona Board of Education, and its individual members in their official capacities, Defendants,

American Council of Engineering Companies of Arizona; Associated General Contractors of America, Arizona Chapter, Defendant–Intervenors,

and

State of Arizona, Defendant—Appellee,

The Speaker of the Arizona House of Representatives and President of the Arizona Senate, Defendant-intervenor—Appellant.

Evangelina Miranda, individually and as a parent of Mariela and George Dorame, minor children, Plaintiff—Appellee,

v.

Thomas C. Horne, in his official capacity as Superintendent of Public Instruction, State of Arizona, Defendant—Appellant,

State of Arizona, Defendant—Appellee,

and

The Arizona Board of Education, and its individual members in their official capacities, Defendant,

American Council of Engineering Companies of Arizona; Associated General Contractors of America, Arizona Chapter; The Speaker of the Arizona House of Representatives and President of the Arizona Senate, Defendant–Intervenors.

Miriam Flores; Rosa Rzeslawski, individually, and as a parent of Mario Rzeslawski, a minor child, Plaintiffs—Appellees,

v.

State of Arizona, Defendant—Appellee,

The Speaker of the Arizona House of Representatives and President of the Arizona Senate, Defendant-intervenor—Appellant,

and

Thomas C. Horne, Superintendent of Public Instruction, State of Arizona; C. Diane Bishop; Eugene Hughes; David Silva; Claudine Bates Arthur;

John Hosner; Ken Bennett; Ray Kellis; Jim Allman; Morrison Warren, members of the State Board of Education, Defendants,

American Council of Engineering Companies of Arizona; Associated General Contractors of America, Arizona Chapter, Defendant–Intervenors.

Miriam Flores; Rosa Rzeslawski, individually, and as a parent of Mario Rzeslawski, a minor child, Plaintiffs—Appellees,

v.

State of Arizona, Defendant—Appellee,

Thomas C. Horne, Superintendent of Public Instruction, State of Arizona, Defendant—Appellant,

and

C. Diane Bishop; Eugene Hughes; David Silva; Claudine Bates Arthur; John Hosner; Ken Bennett; Ray Kellis; Jim Allman; Morrison Warren, members of the State Board of Education, Defendants,

American Council of Engineering Companies of Arizona; Associated General Contractors of America, Arizona Chapter; The Speaker of the Arizona House of Representatives and President of the Arizona Senate, Defendant–Intervenors.

Nos. 06–15378, 06–15556, 06–15558, 06–15951, 06–15952.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 25, 2006.

Filed Aug. 23, 2006.

William Eric Morris, Arizona Justice Institute, Tucson, AZ, Timothy M. Hogan, Esq., Phoenix, AZ, for Plaintiff–Appellee.

Jose Cardenas, Esq., Lewis & Roca, LLP, Phoenix, AZ, Eric J. Bistrow, Esq., Burch & Cracchiolo PA, Phoenix, AZ, for Defendant–Appellant.

Jeanne Galvin, Office of the Arizona Attorney General, Lynne C. Adams, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Defendants.

James J. Sienicki, Esq., Snell & Wilmer, LLP, Keith F. Overholt, Esq., Jennings Strouss & Salmon, PLC, Phoenix, AZ, for Defendant–Intervenors.

Before: HUG, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM *

This case deals with the consolidated appeals of several district court orders. The first several orders found the State of Arizona in civil contempt of the district court's previous order to reform the State's English Language Learner (ELL) program, enjoined administration of the AIMS test to ELL students as a requirement for graduation until the program had been reformed, and provided for the distribution of the fines collected to school districts to fund ELL programs. The second order rejected House Bill 2064, determining it failed to comply with the court's original order.

In the interim, the landscape of educational funding has changed significantly. We have held that, because "the scope of federal relief against an agency of state government must always be narrowly tailored to enforce federal constitutional and statutory law only .... federal courts must be sensitive to the need for modification [of permanent injunctive relief] when circumstances change." [1] In light of the changes in education programs and funding since the original 2000 court order, the district court should have held an evidentiary hearing and made findings of fact regarding whether changed circumstances required modification of the original court order or otherwise had a bearing on the appropriate remedy. The orders of the court holding the defendants in contempt and rejecting House Bill 2064 are therefore vacated and the case is remanded to the district court. Because we hold that the district court should have held an evidentiary hearing on changed circumstances, we need not, and do not, reach any of the other issues in the case.

**VACATED AND REMANDED.**

In re: G. Gregory WILLIAMS, Debtor,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Clark v. Coye,* 60 F.3d 600, 604 (9th Cir. 1995).